UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY CRAWFORD and NORMAN VINCENTI, individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> vs. <br><br> NATIONSTAR d/b/a MR. COOPER, <br><br> *Defendant*. | § § § § § § § § § § § § § <br><br> Case No. 3:23-cv-02756 |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper") files this Notice of Removal and removes to this Court an action that is pending in the 192nd Judicial District Court of Dallas County, Texas, Cause No. DC-23-18800. Removal is proper because this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs consent to removal. In support of this Notice of Removal, Mr. Cooper states as follows.

### I.   STATE COURT CLASS ACTION[1]

1. A putative class action was commenced on November 3, 2023, in the 192nd Judicial District Court of Dallas County, Texas, captioned *Mary Crawford and Norman Vincenti, et. al. v. Nationstar d/b/a Mr. Cooper* Cause No. DC-23-18800 (the "State Court Class Action"). A copy of the single pleading filed to date in the State Court Class Action is attached as **Exhibit 1**.

---

[1] The following allegations come from Plaintiffs' Complaint and are referenced here for the convenience of the Court. Mr. Cooper does not concede that any of Plaintiffs' allegations are true at this time.

2.  In the State Court Class Action, Plaintiffs Mary Crawford and Norman Vincenti ("Plaintiffs"), residents of Kansas and Ohio, respectively, allege in their Class Action Complaint (the "Complaint") that they have mortgage loans serviced by Mr. Cooper and that their "information was among the data accessed by an unauthorized third party." Compl. ¶¶ 11-13, 21-23.

3.  Based upon the allegations in the Complaint, Plaintiffs assert claims for negligence, breach of implied contract, breach of fiduciary duty, invasion of privacy, and breach of covenant of good faith and fair dealing on behalf of themselves and as the representatives of a putative class. *Id.* ¶¶ 105-182.

4.  Plaintiffs seek compensatory damages and restitution, declaratory and injunctive relief, attorney fees, costs, and expenses, and for "all other Orders, findings and determinations identified and sought in [Plaintiffs'] Complaint." *Id.* ¶ 182(A)-(H).

5.  Plaintiffs purport to bring their State Court Class Action on behalf of themselves and a putative nationwide class of "[a]ll persons residing in the United States who are current or former customers of Nationstar or any Nationstar affiliate, parent, or subsidiary, and had their PII compromised by an unknown third-party cybercriminal as a result of the Data Breach," as well as two subclasses. *Id.* ¶ 36. Plaintiffs allege that "the total number of persons" who could be putative class members "exceeds 4.1 million of individuals." *Id.* ¶ 41.

6.  Mr. Cooper waived service of process and received time-stamped copies of the citation and petition from Plaintiffs on December 7, 2023 pursuant to an agreement among the parties under Texas Rule of Civil Procedure 11 (the "Rule 11 Agreement"). A copy of the Rule 11 Agreement is attached as **Exhibit 7**.

7. Mr. Cooper files this Notice of Removal within thirty (30) days of agreeing to waive service of process and receiving copies of the citation and petition. Removal is thus timely under 28 U.S.C. § 1446(b).

8. As of the date and time of filing of this Notice of Removal, no motion is pending, no hearings have been set, and trial has not been scheduled in the State Court Class Action. In the State Court Class Action, Mr. Cooper's deadline to answer, move against, or otherwise respond to the Complaint is February 5, 2024.

## II. BASIS OF REMOVAL

9. Removal is proper and subject matter jurisdiction is appropriate in this Court because CAFA provides for removal of this suit and the Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453, & 1711-15.

10. CAFA confers upon the federal courts original subject matter jurisdiction over, and thus makes removable, any class action in which: (i) there is minimal diversity (*i.e.*, any member of the proposed plaintiff class is a citizen of a different state than any defendant); (ii) the aggregate number of putative class members in the proposed class is at least 100; and (iii) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b), 1441(a), & 1446(a), because the 192nd Judicial District Court of Dallas County, Texas, where the State Court Class Action was filed and has been pending prior to removal, is a state court within this federal district and division.

### A. CAFA Diversity Exists

12. Under CAFA, diversity of citizenship is satisfied when "any member of a class of Plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. The named Plaintiff Mary Crawford is domiciled in the State of Kansas and is therefore a citizen of that state. Compl. ¶ 11.

14. The named Plaintiff Norman Vincenti is domiciled in the State of Ohio and is therefore a citizen of that state. *Id.* ¶ 21.

15. Defendant Mr. Cooper is a Delaware limited liability company with its principal place of business in Texas. *Id.* ¶ 31. Pursuant to 28 U.S.C. § 1332(c)(1) and (d)(10), Mr. Cooper is therefore a citizen of both the States of Delaware and Texas for diversity jurisdiction purposes.

16. Because Plaintiffs are citizens of Kansas and Ohio and Mr. Cooper is a citizen of Delaware and Texas, at least one putative class member is a citizen of a state different from a defendant. Thus, the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A) are satisfied for purposes of removal under CAFA.

B. **The Proposed Class Consists of More Than 100 Persons**

17. Plaintiffs allege on the basis of information and belief that the putative class "exceeds 4.1 million of individuals" who may have been affected by the alleged data breach. Compl. ¶ 41. Thus, the putative class consists of at least 100 members[2] and is subject to removal to this Court under CAFA.

C. **The Amount in Controversy for CAFA Jurisdiction Exceeds $5,000,000**

18. CAFA provides that the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Federal jurisdiction is appropriate under CAFA if, in the aggregate, "the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. §1332(d)(6). The amount in controversy may be established either from the viewpoint

---

[2] Mr. Cooper disputes, and reserves the right to contest at the appropriate time, Plaintiffs' allegations that this case can properly be certified and proceed as a class action.

of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." *Lewis v. Auto Club Family Ins. Co.*, No. 11-169-D-M2, 2011 WL 3444312, at *3 (M.D. La. July 7, 2011) (internal citations and quotations omitted).

19. It is well settled that in determining the amount in controversy for removal purposes, the Court may consider compensatory damages, attorney's fees, and exemplary or punitive damages. *See, e.g.*, *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); *H & D Tire & Automotive–Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 329 (5th Cir. 2000) (considering punitive damages for amount in controversy); *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013) (considering "various categories of compensatory damages," "request for punitive damages," and attorneys' fees in determining amount in controversy); *McPeters v. LexisNexis*, No. H-11-2056, 2011 WL 2434088, at *2 (S.D. Tex. June 10, 2011) (considering compensatory damages, attorney's fees, and punitive damages in determining amount in controversy under CAFA).

20. In addition, under controlling Supreme Court law, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Indeed, "[e]vidence establishing the amount is required" only when the amount is contested. *Id.*

21. Here, consistent with these principles, the amount in controversy alleged exceeds $5,000,000 for all putative class members. Although Mr. Cooper denies that it is liable to Plaintiffs at all for any relief, given the Complaint's allegations that "personal information is sold at prices ranging from $40 to $200" (Compl. ¶ 80), and request for such compensatory damages, punitive

damages, and attorneys' fees on behalf of the putative class that allegedly "exceeds 4.1 million of individuals" (Compl. ¶ 41), Plaintiffs have put more than $5,000,000 in controversy.

22. Plaintiffs allege that they are "entitled to compensatory, consequential, punitive, and nominal damages suffered as a result of the Data Breach." Compl. ¶ 166.

### D. The CAFA Exceptions Do Not Apply

23. Further, while 28 U.S.C. § 1332(d)(3) and (4) recognize situations where this Court may or must decline jurisdiction despite the fact that minimal diversity jurisdiction and the amount in controversy requirements of § 1332(d)(2) are satisfied, Plaintiffs shoulder the burden of establishing that any of these exceptions apply, and cannot meet this burden in the present case; nor do Plaintiffs intend to try as they consent to this removal. *Preston v. Tenet Healthsystems Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 (5th Cir. 2007) ("[O]nce federal jurisdiction has been established under [CAFA], the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B).").

### III. PROCESS AND PLEADINGS

24. Pursuant to 28 U.S.C. § 1446(a) and N.D. Tex. Local Rule 81.1, Mr. Cooper attaches the following required documents along with the Notice of Removal.

| Exhibits | Description | Local Rule | Date Filed in State Court |
|---|---|---|---|
| Exhibit 1 | Index of Removal Documents | 81.1(a)(4)(A) | N/A |
| Exhibit 2 | Texas State Court Docket Sheet | 81.1(a)(4)(B) | N/A |
| Exhibit 3 | Plaintiff's Original Petition | 81.1(a)(4)(C) | 11/3/23 |
| Exhibit 4 | Texas State Court Civil Case Information Sheet | 81.1(a)(4)(C) | 11/3/23 |
| Exhibit 5 | Plaintiffs' Request for Service Letter | 81.1(a)(4)(C) | 11/17/23 |
| Exhibit 6 | Issued Citation | 81.1(a)(4)(C) | 11/22/23 |
| Exhibit 7 | Rule 11 Agreement | 81.1(a)(4)(C) | N/A |
| Exhibit 8 | Rule 7.1 Certificate of Interested Persons and Corporate Disclosure Statement | 81.1(a)(4)(D) | N/A |

## IV.  SERVICE

25. A copy of this Notice of Removal is being served contemporaneously on Plaintiffs' counsel.

26. Mr. Cooper will promptly file a copy of this Notice of Removal with the clerk of the 192nd District Court of Dallas County, Texas where the suit has been pending.

27. By filing this Notice of Removal, Mr. Cooper does not waive any defenses that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal of the State Court Class Action to this Court, Mr. Cooper seeks to present both a brief and oral argument in support of its position that this case has been properly removed.

## V.  JURY DEMAND

28. Plaintiffs demanded a jury in the state court suit.

## VI.  CONCLUSION

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Mr. Cooper asks the Court to remove this suit from the 192nd Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

*/s/ Thomas G. Yoxall*
**W. Kyle Tayman***
**Goodwin Procter LLP**
ktayman@goodwinlaw.com
1900 N Street, NW
Washington, DC 20036
T. 202.346.4245
F. 202.204.7309

**Allison J. Schoenthal***
**Molly L. Leiwant***
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York, 10018
T. 212.459.7183
F. 212.937.3850
aschoenthal@goodwinlaw.com
mleiwant@goodwinlaw.com
*Pro Hac Vice Motions to be Filed

**Thomas G. Yoxall**
Texas Bar No. 00785304
tyoxall@lockelord.com
**Roger B. Cowie**
Texas Bar No. 00783886
rcowie@lockelord.com
**M. Taylor Levesque**
Texas Bar No. 24107296
Taylor.levesque@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT MR. COOPER**

## CERTIFICATE OF CONFERENCE

I certify that on December 7, 2023, I conferred with Plaintiffs' counsel, Marc Dann, and Plaintiffs consented to the removal requested in this Notice of Removal.

*/s/ W. Kyle Tayman*
W. Kyle Tayman

## CERTIFICATE OF SERVICE

I certify that that on December 13, 2023, a true and correct copy of the above document was served upon all counsel of record via the Court's *electronic filing system and/or e-mail* pursuant to the Federal Rules of Civil Procedure.

*/s/ Thomas G. Yoxall*
Thomas G. Yoxall