# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER CABEZAS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>MR. COOPER GROUP INC.,<br><br>*Defendant*. | §§§§§§§§§§§§ | Case No. 3:23-cv-02453-N |
| KAY POLLARD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>MR. COOPER GROUP, INC.,<br><br>*Defendant*. | §§§§§§§§§§§§ | Case No. 3:23-cv-02468-X |
| LARRY SIEGAL, STEVEN CHOJNICKI and KEVIN DOWD, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>MR. COOPER GROUP INC.,<br><br>*Defendant*. | §§§§§§§§§§§§§ | Case No. 3:23-cv-02485-S |

| | | |
|---|---|---|
| **NANCY RANDALL, individually and on behalf of all others similarly situated,** | § § § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Case No. 3:23-cv-02507-X |
| **MR. COOPER GROUP, INC.,** | § § § | |
| *Defendant*. | § | |

| | | |
|---|---|---|
| **WILLIAMSON GRANADOS, individually and on behalf of all others similarly situated,** | § § § § | |
| *Plaintiff*, | § § § | |
| vs. | § § | Case No. 3:23-cv-02522-X |
| **MR. COOPER GROUP, INC.,** | § § § | |
| *Defendant*. | § | |

| | | |
|---|---|---|
| **KATRINA WALKER, on behalf of herself and all others similarly situated,** | § § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Case No. 3:23-cv-02524-B |
| **NATIONSTAR FINANCIAL, INC., d/b/a MR. COOPER,** | § § § § | |
| *Defendant*. | § | |

| | | |
|---|---|---|
| **CODY LAPERTCHE, individually, and on behalf of all others similarly situated,** | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | **Case No.: 3-23-cv-02528-E** |
| **MR. COOPER GROUP, INC.** | § § § | |
| *Defendant*. | § | |
| **REY BORGE, individually and on behalf of all others similarly situated,** | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | **Case No.: 3:23-cv-02561-G** |
| **MR. COOPER GROUP INC.,** | § § § | |
| *Defendant*. | § | |
| **JENNIFER STUMP, on behalf of herself and all others similarly situated,** | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | **Case No. 3:23-cv-02562-B** |
| **MR. COOPER GROUP, INC.,** | § § § | |
| *Defendant*. | § | |

| | | |
|---|---|---|
| **MATTHEW TURTURRO**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>**NATIONSTAR MORTGAGE, LLC d/b/a MR. COOPER and MR. COOPER GROUP, INC.**,<br><br>*Defendants*. | §§§§§§§§§§§§§§ | **Case No.: 3-23-cv-02572-B** |
| **JEROLD SHORT AND CARLETTE SHORT**, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>**MR. COOPER GROUP INC.**,<br><br>*Defendant*. | §§§§§§§§§§§§§ | **Case No. 3:23-cv-02592-S** |
| **DEIRA ROBERTSON**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>**NATIONSTAR FINANCIAL, INC., D/B/A MR. COOPER AND MR. COOPER GROUP, INC.**,<br><br>*Defendants*. | §§§§§§§§§§§§§§ | **Case No.: 3-23-cv-02733-K** |

| | |
|---|---|
| **MARY CRAWFORD AND NORMAN VINCENTI, individually and on behalf of all others similarly situated,** § § § § *Plaintiffs*, § § **vs.** § § **NATIONSTAR D/B/A MR. COOPER,** § § *Defendant.* § | **Case No.: 3:23-cv-02756-L** |

## AMENDED AGREED MOTION TO CONSOLIDATE

### INTRODUCTION

Plaintiffs Jennifer Cabezas, Kay Pollard, Larry Siegal, Steven Chojnicki, Kevin Dowd, Nancy Randall, Williamson Granados, Katrina Walker, Cody LaPertche, Rey Borge, Jennifer Stump, Matthew Turturro, Jerold Short, Carlette Short, Deira Robertson, Mary Crawford, and Norman Vincenti ("Plaintiffs") and Defendant Mr. Cooper Group Inc. ("Mr. Cooper") (Plaintiffs and Mr. Cooper together, the "Parties") jointly move under Federal Rule of Civil Procedure 42(a) to consolidate for all purposes thirteen related actions (collectively, the "Actions")[1] that are currently pending in the Northern District of Texas, into the *Cabezas* action, which is the first-filed among the thirteen related cases.

As discussed below, consolidation is appropriate because each of these Actions: (i) is against sole defendant Mr. Cooper; (ii) is based on the same October 31, 2023 cybersecurity

---

[1] *Cabezas v. Mr. Cooper Group, Inc.*, 23-cv-02453-N; *Pollard v. Mr. Cooper Group, Inc.*, 23-cv-02468-X; *Siegal v. Mr. Cooper Group Inc.*, 23-cv-02485-S; *Randall v. Mr. Cooper Group, Inc.*, 23-cv-02507-X; *Granados v. Mr. Cooper Group, Inc.*, 23-cv-02522-X; *Walker v. Nationstar Financial, Inc., d/b/a Mr. Cooper, Inc.*, 23-cv-02524-B; *LaPertche v. Mr. Cooper Group, Inc.*, 23-cv-02528-E (filed on November 14, 2023); *Borge v. Mr. Cooper Group Inc.*, 23-cv-02561-G (filed November 17, 2023); *Stump v. Mr. Cooper Group, Inc.*, 23-cv-02562-B; *Turturro v. Nationstar Mortgage, LLC d/b/a Mr. Cooper et al.*, 23-cv-02572-B (filed on November 20, 2023); *Short v. Mr. Cooper Group, Inc.*, 23-cv-02592-S; *Robertson v. Nationstar Financial, Inc., d/b/a Mr. Cooper et al.,* 23-cv-02733-K (filed on December 11, 2023); *Crawford v. Nationstar d/b/a Mr. Cooper*, 23-cv-02756-L (filed on November 3, 2023 and removed on December 13, 2023).

incident experienced by Mr. Cooper (the "Cybersecurity Incident"); (iii) assert the same and/or overlapping allegations and claims; and (iv) seek to represent the same and/or overlapping putative nationwide classes and subclasses of persons.

All Parties consent to the consolidation of these Actions for all purposes, none of which has moved past the filing of a complaint. Given the common factual background and common claims asserted by Plaintiffs on behalf of nationwide putative classes, consolidation will streamline the litigations and save both party and judicial resources.[2]

## LEGAL STANDARDS

Fed. R. Civ. P. 42(a) states that:

> [i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"District Courts have broad authority to consolidate actions" under Rule 42(a). *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011); *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1997) ("The trial court's managerial power is especially strong and flexible in matters of consolidation."). Consolidation of cases is appropriate "when the cases involve common questions of law and fact, and ... [consolidation] would avoid unnecessary costs or delay." *Bayati v. GWG Holdings, Inc.*, No. 3:22-CV-0410-B, 2023 WL 5925880, at *2 (N.D. Tex. Sept. 12, 2023).

In deciding a motion to consolidate, a court will consider the following factors: "(1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent

---

[2] In addition to the Actions subject to this Motion, there are four cases that have been filed outside of this District that are based on the Cybersecurity Incident and whose claims overlap with those of the Actions. Defendant intends to remove and transfer those cases to this District.

adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *Bayati*, 2023 WL 5925880, at *2.

## ARGUMENT

This Court should grant the Parties' Motion because all of the factors favor consolidation of the Actions into the *Cabezas* action, and consolidating the Actions will lead to greater efficiency in case management and consistent rulings regarding overlapping legal claims.

The first factor favors consolidation because all the Actions are pending in this district. *See United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-CV-1141-B, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) (the first factor is satisfied as "the cases are pending in the same court").

Likewise, the second factor favors consolidation because all of the Actions involve a common defendant, Mr. Cooper, and seek to certify national classes of similarly situated consumers.[3]  *See Bayati*, 2023 WL 5925880, at *2 (ordering consolidation where the "actions are . . . filed on behalf of the same proposed class" and against same defendant).

The third factor also favors consolidation because there is little to no risk of prejudice or confusion from consolidation as each of the Plaintiffs consented to this Motion, and their counsel are collectively and cooperatively working together and agree consolidation is in the best interest of Plaintiffs.  Further, a class has not been certified in any of the Actions.  Therefore, there would not be confusion to members of any putative class of consumers.  *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, 2021 WL 9145414, at *2 (N.D. Tex. Mar. 15, 2021) (no indication there

---

[3] Two cases seek to certify an "Illinois Subclass," one case seeks to certify a "Washington Subclass," one case seeks to certify a "New York Subclass," and one case seeks to certify a "Kansas Subclass" and an "Ohio Subclass," all of which are subsets of a nationwide class.  *See* Siegal Compl. ¶ 163; Randall Compl. ¶ 54; Turturro Compl. ¶ 58; Crawford Compl. ¶ 36.

will be prejudice or confusion from consolidation where defendant's motion for consolidation was brought unopposed).

The fourth and fifth factors favor consolidation. Trying each of the Actions separately could lead to inconsistent adjudications based on common factual or legal questions and would be more burdensome to the courts and the Parties. Each of the thirteen Actions is predicated upon the Cybersecurity Incident, alleging that Plaintiffs' personal information was accessed by third parties and that Plaintiffs were harmed as a result.[4] In addition, across the thirteen Actions, there is substantial overlap in the causes of action brought by Plaintiffs.[5]

Moreover, the thirteen Actions seek to certify overlapping (if not identical) nationwide classes of consumers for these claims. Trying the thirteen Actions separately would result in duplicative (and expensive) proceedings, including duplicative discovery on Mr. Cooper, that would unnecessarily tax the court system. Proceeding with separate actions also could lead to inconsistent findings and rulings based on the same claims and underlying facts, and potentially inconsistent rulings on class certification. Accordingly, these factors favor consolidation. *See, e.g.*, *Mayfield v. Am. Auto. Ins. Co.,* No. CIV. A. 502CV137, 2003 WL 21250935, at *2 (N.D. Tex. May 27, 2003) (granting consolidation where there are "common parties, common facts, and common issues of law" because [w]hatever concomitant prejudice or possible confusion might

---

[4] *See* Cabezas Compl. ¶¶ 1-5; Pollard Compl. ¶¶ 2-6; Siegal Compl. ¶ 5; Randall Compl. ¶¶ 3, 14; Granados Compl. ¶¶ 1, 20; Walker Compl ¶¶ 4, 7; Stump Compl. ¶¶ 1, 26; Short Compl. ¶¶ 4, 20; Crawford Compl. ¶¶ 13, 52; Turturro Compl. ¶¶ 6-7; LaPertche Compl. ¶ 2; Borge Compl. ¶¶ 1, 8, 13; Robertson Compl. ¶¶ 3, 36.

[5] To the extent that there are unique state law claims asserted in certain complaints (*see* Siegal Compl. ¶¶ 257-272, Randall Compl. ¶¶ 133-142, Turturro Compl. ¶¶ 88-95), such claims do not preclude consolidation. Instead, even though "the legal issues may not be identical, these cases involve common questions of fact." *Bordas v. Marquette Transportation Co. Gulf-Inland LLC*, No. 2:14-CV-163, 2016 WL 2625064, at *2 (S.D. Tex. May 9, 2016) (granting consolidation); *Hamilton Enersafe, Inc. v. ENERSAFE, INC.*, No. 5:15-CV-1003-OLG, 2016 WL 3406197, at *2 (W.D. Tex. June 17, 2016) ("While the claims do not involve identical parties, and do not present identical legal issues, the parties and issues overlap to such a degree that consolidation will eliminate unnecessary repetition involving complicated questions of fact and eliminate the risks of duplication and of 'piecemeal resolution of issues that call for a uniform result.'") (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).

result as a consequence of consolidating . . . is far outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; *see also see also State Auto. Mut. Ins. Co. v. Dunhill Partners, Inc.*, No. 3:12-CV-03770-P, 2013 WL 11821465, at *5 (N.D. Tex. Mar. 14, 2013) (consolidating cases where "considering the records between both cases, it appears that the fact finding [in each] . . . will be closely tied together").

The sixth factor also favors consolidation. All the Actions are in the pleading stage—the *Cabezas* action was filed on November 3, 2023, and the remaining twelve of the thirteen related Actions filed afterward. Mr. Cooper's time to respond to the complaint in each Action has not yet expired. *Doe (S.M.A.) v. Salesforce, Inc.*, No. 3:23-CV-1040-B, 2023 WL 4108845, at *2 (N.D. Tex. June 20, 2023) (granting consolidation where cases at the same pre-trial stage).

Thus, because all six factors favor consolidation, the thirteen Actions should be consolidated into the first-filed *Cabezas* action. *See Bayati*, 2023 WL 5925880 at *3 ("[c]onsolidation of these actions, which are both in their early stages, would [] promote judicial efficiency . . . And Defendants' consent to the consolidation ameliorates concerns over potential prejudice"); *Wharton,* 2020 WL 6749943, at *3 (finding that "consolidating these two cases will conserve judicial resources . . . while the Court acknowledges Plaintiffs' argument that the Bob Complaint includes more claims than the Wharton Complaint, the Court sees overlap in the facts and the legal questions. Discovery in both cases should also see overlap, and it will save judicial resources to litigate these cases together"); *Mayfield*, 2003 WL 21250935, at *2 (granting consolidation where "factors weigh in favor of consolidation, [and] this Court finds that consolidation of Case One and Case Two is not only appropriate, but would promote this Court's judicial efficiency and economy and would tend to avoid unnecessary costs or delay").

To further efficiencies, Plaintiffs have advised that they intend to file a motion to appoint interim lead counsel and to file a consolidated complaint to supersede the earlier-filed complaints in each of the thirteen individual Actions.[6]  At this time, the Parties are actively discussing a schedule to jointly propose to the Court which would set the deadline for (1) Plaintiffs to file a motion to appoint interim lead counsel; (2) Plaintiffs to file a consolidated complaint, and (3) Mr. Cooper to respond to the consolidated complaint.  As such, if the Court grants this amended agreed motion, the Parties respectfully request that the Court set a deadline of January 29, 2024 (the current deadline to respond to the complaint in *Cabezas*), to file the proposed schedule for the consolidated Actions, that the Court stay any deadlines until that schedule is so-ordered, and to consolidate any later-filed actions that are related into the *Cabezas* action.

## CONCLUSION

For the aforementioned reasons, the Actions should be consolidated for all purposes under *Cabezas*, the first-filed action in this District.

---

[6] *See* 8 Moore's Fed. Prac. Civil §42.13 (2021) ("As a management tool for complex litigation, the consolidated complaint has been found to have significant advantages [because] it eliminates the need for multiple answers to multiple complaints and streamlines discovery, allowing it to be directed to the consolidated complaint, rather than to each individual plaintiff's complaint[, and] simplifies the court's work in ruling on motions and drafting pretrial orders."); 9A Fed. Prac. & Proc. Civ. §3282 (3d ed. 2021) ("Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint, used often in complex litigation, in cases consolidated both for pretrial discovery and for trial.").

Dated:  December 14, 2023

Respectfully Submitted,

*/s/ Thomas G. Yoxall*
**W. Kyle Tayman** (pro hac vice)
**Goodwin Procter LLP**

ktayman@goodwinlaw.com
1900 N Street, NW
Washington, DC 20036
T. 202.346.4245
F. 202.204.7309

**Allison J. Schoenthal** (*pro hac vice*)
**Molly L. Leiwant** (*pro hac vice*)
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, New York, 10018
T. 212.459.7183
F. 212.937.3850
aschoenthal@goodwinlaw.com
mleiwant@goodwinlaw.com

**Thomas G. Yoxall**
Texas Bar No. 00785304
tyoxall@lockelord.com
**Roger B. Cowie**
Texas Bar No. 00783886
rcowie@lockelord.com
**M. Taylor Levesque**
Texas Bar No. 24107296
Taylor.levesque@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

*Attorneys for Defendant Mr. Cooper Group Inc.*[7]

---

[7] Defendant Mr. Cooper Group Inc. is identified as Nationstar Financial, Inc., d/b/a Mr. Cooper *in Walker*, 23-cv-02524-B and *Robertson*, 23-cv-02733-K

*/s/Paul D. Stickney*
**Paul D. Stickney**
Texas Bar No. 00789924
**Bruce W. Steckler**
Texas Bar No. 00785039
**Austin P. Smith**
Texas Bar No. 24102506
**Kaitlyn M. Coker**
Texas Bar No. 24115264
**STECKLER WAYNE & LOVE, PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
Phone: (972) 387-4040
Facsimile: (972) 387-4041
judgestickney@swlaw.com
bruce@swclaw.com
austin@swclaw.com
kcoker@swclaw.com

*Attorneys for Plaintiffs Cabezas and Walker*

*/s/ Joe Kendall*
Joe Kendall
Texas Bar No. 11260700
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
214-744-3000
214-744-3015 (Facsimile)
jkendall@kendalllawgroup.com

*Attorney for Plaintiffs Siegal, Chojnicki, Dowd, Randall, Granados and Stump*

/s/ *Sara Hollan Chelette*
Sara Hollan Chelette
Texas Bar No. 24046091
schelette@lynnllp.com
Christopher W. Patton
Texas Bar No. 24083634
cpatton@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

/s/ *Norman E. Siegel*
Norman E. Siegel (pro hac vice)
J. Austin Moore (pro hac vice)
Tanner J. Edwards (pro hac vice)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com
moore@stuevesiegel.com
tanner@stuevesiegel.com

*Attorneys for Plaintiffs Jerold Short and Carlette Short*

/s/ *Kurt H. Jones*
Kurt H. Jones (pro hac vice)
Marc E. Dann (pro hac vice)
Brian D. Flick (pro hac vice)
Andrew M. Engel (pro hac vice)
**DANNLAW**
15000 Madison Ave.
Lakewood, OH 44107
Telephone: (216) 373-0539
notices@dannlaw.com

*Attorneys for Mary Crawford and Norman Vincenti*

*/s/ Roger L. Mandel*
Roger L. Mandel
SBN 12891750
**JEEVES MANDEL LAW GROUP, P.C.**
2833 Crockett Street, Suite 135
Fort Worth, Texas 76107
Telephone: (214) 253-8300 -
rmandel@jeevesmandellawgroup.com

*Attorneys for Matthew Turturro*


*/s/ Michael A. Josephson*
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: 713-352-1100
mjosephson@mybackwages.com
adunlap@mybackwages.com

*Attorneys for Cody LaPertche*


*/s/ Ryan L. Thompson*
Ryan L. Thompson, SBN 24046969
**THOMPSON LAW LLP**
3300 Oak Lawn Ave., 3rd Floor
Dallas, TX 75219
Telephone: (214) 755-7777
rthompson@triallawyers.com

*Attorneys for Rey Borge*


*/s/ Ellen A. Presby*
Ellen A. Presby
State Bar No. 16249600
**FERRER POIROT FELLER DANIEL**
2603 Oak Lawn Avenue, Suite 300
Dallas, Texas 75219
Telephone: (214) 521-4412
epresby@lawyerworks.com

          Sabita J. Soneji (pro hac vice forthcoming)
          TYCO & ZAVAREEI LLP
          1970 Broadway, Suite 1070
          Oakland, CA 94612
          Phone: (510) 254-6808
          ssoneji@tzlegal.com

*Attorneys for Deira Robertson*

## CERTIFICATE OF CONFERENCE

Pursuant to LR 7.1(b), I certify that I conferred with Plaintiff's counsel in each of Actions and each agreed to the relief requested in this Amended Agreed Motion.

Dated:  December 14, 2023

          */s/ W. Kyle Tayman*
          W. Kyle Tayman

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2023, a copy of the foregoing was served by electronic means via the Court's CM/ECF System on all counsel registered to receive electronic notices.

          */s/ Thomas G. Yoxall*
          Thomas G. Yoxall